Argued October 1, affirmed October 20, 1925.

# EDMUND BERGHOLTZ *v.* CITY OF OREGON CITY.

(240 Pac. 225.)

**Trial—Grounds for Nonsuit or Directed Verdict must be Specifically Stated in Motion.**

1. Grounds for nonsuit or directed verdict must be precisely and specifically stated in motion.

**Trial—Motion for Directed Verdict or Nonsuit not Proper, Where Evidence is in Conflict on Disputed Facts.**

2. A motion to direct a verdict or for nonsuit is in nature of a demurrer to the evidence, conceding as true plaintiff's evidence with all reasonable intendments therefrom, and is proper only where plaintiff has failed to establish a *prima facie* case, and not where evidence is in conflict on disputed facts.

**Municipal Corporations—Evidence Held to Support Recovery for Services by Architect.**

3. Evidence of employment by city of architect to draw plans for construction of a courthouse *held* sufficient to submit his claim for services to jury and to sustain their verdict.

**Municipal Corporations—Whether Architect's Estimate of Cost of Building was Reasonably Near Actual Cost Held for Jury.**

4. Whether architect's estimate of probable cost of municipal building was reasonably near actual cost *held* for jury.

**Municipal Corporations—Evidence of Reasonable Value of Services not Competent in Action for Stipulated Cost.**

5. In action by architect, based on stipulated percentage of estimated cost of building city hall, evidence of reasonable value of plaintiff's services *held* not competent.

**Trial—A Proper Answer to an Incompetent Question, not Objected to Before Made, not Error.**

6. In action for contract price, receipt in evidence of an affirmative answer responsive to an incompetent question, not being objected to before answer, is not error.

**Trial—Objection to Evidence, Made After It is in the Record, is Too Late.**

7. Objection to incompetent evidence, made after it was received into the record, is too late, and is considered as in the record without objection.

---

6. See 26 R. C. L. 1046.

From Clackamas: J. U. CAMPBELL, Judge.

Department 2.

This is an appeal from a judgment for the recovery by plaintiff of $750 for services rendered by him, as an architect, to Oregon City, defendant herein. In its assignments of error the defendant asserts that the trial court erred in denying its motions for nonsuit and directed verdict, and that "there was manifest error in the admission of evidence and exhibits on the part of plaintiff * * over the objections of defendant."               AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Wm. M. Stone,* City Attorney.

For respondent there was a brief and oral arguments by *Mr. L. E. Schmitt* and *Mr. J. E. Hedges.*

BROWN, J.—The plaintiff is an architect. The defendant is a municipal corporation. By the vote of the people of Oregon City, its charter was amended to provide bonds in the sum of $35,000 for the erection and construction of a city hall. The city council agreed upon a site for the building, and, upon their invitation, the plaintiff, as well as other architects, submitted plans and specifications for the construction of the structure. The plaintiff's plans and specifications were selected by the council as suited for the erection of a city hall upon the site chosen, and were adopted upon the condition that the cost of the construction of the proposed building would not exceed the sum of $35,000, the amount authorized. The council enacted an ordinance empowering the mayor and city recorder to execute a contract with plaintiff employing plaintiff, as archi-

tect, to furnish plans, specifications and detailed drawings, and to superintend the construction of the building. The written contract was duly executed and on its execution the defendant paid plaintiff the sum of $300 thereunder.

When this action was instituted, the contract was made a part of the pleadings, and, on the trial of the case, was offered and received in evidence. In explaining to the jury the issue made by the averments of the pleadings, the court said, among other things:

"The said agreement further provides that, in case the work is abandoned before the completion of the same, the plaintiff was to receive for preliminary studies, general drawings, specifications and details, three per cent of the estimated cost of said building; that in pursuance to said agreement the plaintiff did prepare complete plans, working drawings, together with specifications and all necessary details promptly, and submitted the same to the defendant and the same were duly accepted and approved by the said defendant, and the contract for the construction of said building has been let * * .

"The defendant comes in and sets up a copy of the contract actually entered into * * , and, in addition to that, alleges, in effect, that the plaintiff agreed to furnish plans and specifications of a building that could be erected for $35,000, and that the building that would be erected from plans and specifications he furnished would cost much more than that; and consequently that the plans were worthless. * *

"It is agreed that in case the work is abandoned before completion, and I instruct you as a matter of law that the work meant is the work of the plans and specifications, and superintending of the building, if that work was abandoned, the architect is to be reimbursed as follows: * *

" 'For preliminary studies, general drawings, specifications and details, three per cent, as payment in full for all drawings furnished to date of estimated cost.'

"I instruct you as a matter of law that that would mean three per cent of the estimated cost of the part of the building for which he had furnished preliminary studies, general drawings, specifications and details."

To the construction placed upon the contract by the court in the foregoing instructions, neither the plaintiff nor the defendant objected.

The testimony shows that, at the direction of the city council, the plaintiff advertised for bids for the construction of a city hall, all of which were rejected because they were above the sum of $35,000. Following the receipt of the bids, the plaintiff, at the request of the city council, made changes in his plans and specifications that would have reduced the cost of construction of the building, and there is testimony tending to show that under the revised plans and specifications the city council could have constructed the building for $35,000. The record further shows that the city council notified the architect that he had seven days in which to procure a contractor for the construction of the city hall, but that thereafter it met and rejected the revised plans and specifications for the building and the proposed contract for its construction, thereby paving the way for the selection of a new building site, and decided to submit the question to the legal voters of Oregon City. The subsequent selection of the new site necessitated different plans and specifications for the construction of a suitable building thereon.

1, 2. The defendant assigns as error the overruling of its motions for nonsuit and directed verdict. It is

a rule of law that, when a motion for a nonsuit or a directed verdict is made, the grounds therefor must be precisely and specifically stated in the motion. In the case at bar, the motion was made orally and the grounds for such motion are somewhat involved with the argument in support thereof. A proper case for a directed verdict or a nonsuit is presented whenever the plaintiff has failed to establish by his evidence a *prima facie* case. Such action, however, is not proper when there are disputed facts to be settled by conflicting evidence. This court has often said that a motion to direct a verdict or grant a nonsuit is in the nature of a demurrer to the evidence and is governed by practically the same rules. Such a motion concedes as true the evidence adduced in behalf of the plaintiff, with all fair and reasonable intendments to be deduced therefrom. Again, a verdict should not be directed by the court except in cases where the evidence is so plain that reasonable minds could not differ as to the conclusion to be reached: *Peabody* v. *Oregon R. & N. Co.,* 21 Or. 121 (26 Pac. 1053, 12 L. R. A. 823); *Herrick* v. *Barzee,* 96 Or. 357 (190 Pac. 141); *Saylor* v. *Enterprise Elec. Co.,* 110 Or. 231 (222 Pac. 304, 223 Pac. 725).

"Doubts should in all cases be resolved in favor of the submission of the case to the jury." 38 Cyc. 1567.

3, 4. We cannot say, as a matter of law, that there is an absence of competent evidence to establish the material allegations in the plaintiff's complaint. The court submitted the case to the jury with instructions as favorable to the defendant as could have been asked, and the issue was decided against the city. The question involved was prop-

erly submitted, and we have no legal ground upon which to set the verdict aside. Where an architect submits estimates of the probable cost of a building, it is ordinarily for the jury to say whether his estimate is reasonably near the actual cost: *Nelson* v. *Spooner,* 2 F. & F. (Eng.) 613; *Williar* v. *Nagle,* 109 Md. 75 (71 Atl. 427, 16 Ann. Cas. 985).

"And where plans are required for a building not to cost more than a certain sum, or are accepted on condition that it can be constructed for a given amount, there can be no recovery by the architect unless the structure can be erected for the sum named, or for an amount reasonably near thereto. It is ordinarily for the jury to say whether the estimated cost is reasonably near the actual cost, unless the excess is so great that the court can deal with it as a question of law." 2 R. C. L., p. 401, § 4, "Architects."

The case of *Smith* v. *Dickey,* 74 Tex. 61 (11 S. W. 1049), is a much quoted case. In that case the court held that, where an architect submits estimates of the probable cost of a structure, he cannot recover for his plans unless the estimate is reasonably near the actual cost. But, as to the architect's fees and the expense of superintending the building, the court held that these items are not properly to be regarded as part of the estimated cost.

5, 6. The defendant asserts that certain testimony was erroneously received as evidence. In the light of the surrounding circumstances, this is not an action for the recovery of reasonable compensation for the architect's services. It is an action based upon a stipulated percentage of the cost of the proposed structure, as expressed in the written agreement averred in the pleadings and established at the trial. Hence, testimony of the reasonable value of plain-

tiff's services was not competent to prove any issue
in the case. After the witness had testified to the
effect that $1,050 represented 3 per cent of the esti-
mated cost of the city hall, he was asked:

"Q. Would you say that is a reasonable amount
for the services you have rendered and performed?
"A. Yes."

The answer was clearly responsive to the ques-
tion, and no objection was made to the question
until it had been answered. After the answer was
in the record, however, the defendant objected to
the question and moved that the answer be stricken
therefrom. This is not a case of an improper an-
swer to a proper question, nor that of an answer
that is not responsive to a proper question. Neither
does it appear that the answer was made before
counsel had time to object.

"It is very generally held that a failure to ob-
ject to evidence in the trial court at the time it
is offered is a waiver of all objections to its admis-
sibility. It is equally well settled that, although
the evidence would have been inadmissible over
proper objection, it is properly in the case, and
cannot be excluded from the jury by instructions."
38 Cyc. 1393, 1394.

See, also, 26 R. C. L., p. 1046; 9 Ency. of Ev.,
p. 46.

7. At another point on plaintiff's direct examina-
tion, witness read from page 637 of the proceed-
ings of the city council relating to the employ-
ment of an architect; and after this evidence had
been received into the record, the city, through its
counsel, said:

"I object to it in a general way as incompetent,
irrelevant and immaterial. It does not bear out

any of the issues in the case. Their complaint is not based on a breach of the contract, but on a contract executed, and therefore I move it be stricken from the record."

Were this objection valid, it comes too late. The testimony came into the record without objection.

The assignments of error are not well taken. The case is affirmed.                    AFFIRMED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.