Argued March 2, reversed and remanded April 6, 1926.

## THOMAS HANSON v. JOHNSON CONTRACT COMPANY.

(244 Pac. 875.)

New Trial—Circuit Court is Unauthorized to Set Aside Verdict on Ground That It was Rendered Under Influence of Passion or Prejudice (Const., Art. VII, § 3, as Amended by Laws 1911, p. 7).

1. In view of Constitution, Article VII, Section 3, as amended by Laws of 1911, page 7, providing that no question of fact submitted to jury shall be re-examined by the court, the Circuit Court is unauthorized to set aside judgment and verdict on ground that verdict was rendered under influence of passion or prejudice.

Appeal and Error—Permitting Plaintiff to Read Letters from State Engineer to Test Credibility and Refresh Memory of Resident Engineer as Witness was not Prejudicial to Defendant, Since Letters were Mere Repetition of Matter Already in Evidence (§ 860, Or. L.).

2. Where contract between plaintiff and defendant to remove dirt and rock from highway referred to contract between defendant and the Highway Commission, in which estimate of state engineer was to be accepted as conclusive, and where final estimates showed plaintiff had removed 2,176 cubic yards of rock, and where resident engineer testified, as witness for defendant, that plaintiff had removed no rock, permitting plaintiff, in view of Section 860, Or. L., to read letters from office of state engineer as part of cross-examination to test credibility and accuracy of witness, whose testimony contradicted final estimates based on his reports, was without prejudice to defendant, since letters were mere repetition of final estimates already in evidence.

Witnesses.

3. Trial judge has large discretion in controlling the cross-examination of a witness.

New Trial, 29 Cyc., p. 841, n. 92.
Witnesses, 40 Cyc., p. 2473, n. 25, p. 2489, n. 1, p. 2512, n. 43, p. 2564, n. 97, 99, p. 2565, n. 5, p. 2566, n. 13.

From Multnomah: GEORGE TAZWELL, Judge.

Department 1.

This action was instituted to collect the sum of $2,568.41 for services rendered by the plaintiff to

2.  See 28 R. C. L. 594.
3.  See 28 R. C. L. 605.

the defendant. The defendant had a contract with the State Highway Commission for building a part of the Columbia River Highway in Wasco County. It sublet a part of the work to the plaintiff. The contract between the parties provided, among other things, that the plaintiff should receive $0.50 per cubic yard for the common dirt moved and the cost of moving any rock work that might be encountered. The parties anticipated that there would be little or no rock work. Any rock not in solid formation and not exceeding one half of a cubic yard in content was to be classified as common dirt. The difference between the parties arose over the quantity of rock, as defined in the contract, which was moved by the plaintiff. The plaintiff recovered a verdict for $2,006.76. A motion was made in due time for a new trial based upon two grounds, namely: First, excessive damages appearing to have been given under the influence of passion and prejudice; second, permitting the plaintiff, on cross-examination of the resident engineer on the job who was a witness for the defendant, to read several letters received by the plaintiff or his counsel from the office engineer of the State Highway Department. Both the witness and the office engineer were assistants to Herbert Nunn, the State Highway Engineer. The motion was allowed by the judge presiding at the trial. The judgment and verdict were set aside and a new trial granted. From this order the plaintiff appeals. The only question presented to this court is whether or not it was prejudicial error to allow the letters to be read to the witness Gray, the resident engineer, on cross-examination.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Clark, Middleton, Clark & Skulason,* with an oral argument by *Mr. B. G. Skulason.*

For respondent there was a brief over the name of *Messrs. Bowerman & Kavanaugh,* with an oral argument by *Mr. Jay Bowerman.*

COSHOW, J.—1. The motion to set aside the judgment and verdict was allowed on both grounds stated in the motion. The Circuit Court had not the authority to set aside the judgment and verdict on the ground that the verdict was rendered under the influence of passion and prejudice. Our Constitution provides that no question of fact submitted to a jury shall be re-examined by the court: Article VII, Section 3, Constitution of Oregon; *Hoag* v. *Washington-Or. Corp.,* 75 Or. 588 (144 Pac. 574, 147 Pac. 756).

2. The only question argued and submitted to this court was the legality of the ruling of the court in permitting plaintiff to read the letters from the office of the state engineer as a part of the cross-examination of the resident engineer. The plaintiff had introduced as a part of his direct evidence, the final estimate of the resident engineer which showed the quantity of the material excavated by the plaintiff. There is no dispute at all about the quantity of the dirt excavated. The final estimate showed that the plaintiff had excavated, under the terms·of the contract, 2,176 cubic yards of solid rock which he claimed and offered evidence to show cost him $1.50 per yard. The witness Gray testified to the effect that the plaintiff moved no solid rock. The defendant was allowed, over the objection of the plaintiff, to intro-

duce the monthly estimates made by the witness as
the work progressed. The testimony of both Mr.
Gray and another assistant engineer was to the effect
that the monthly estimates were not accurate; that
the monthly estimates were made for the purpose of
paying a certain percentage of the amount earned
by the contractors in order to enable them to pay
their labor and other expenses; that the monthly es-
timates were always conservatively made for the
purpose of avoiding the probability of paying more
than had been earned; that it was not feasible to
make accurate estimates until the work had been
completed. When the work was finished it was
checked up and the final estimate made. Both of
these witnesses also testified that the final estimates
were made from the reports of the witness Gray who
testified that the final estimate, as admitted and re-
ceived in evidence, showing that the plaintiff had
excavated 2,176 cubic yards of solid rock, was not
correct. After the witness had given that testimony,
for the purpose of testing his credibility and the ac-
curacy of his recollection, the alleged objectionable
letters from the office engineer were read to him over
the objection of the defendant. Defendant contends
that it was prejudicial error for these letters to be
read in the presence of the jury because the effect of
reading them was to place before the jury the testi-
mony of the office engineer who was not present, not
under oath and not subject to cross-examination.
We do not think that was the effect of the letters.
The contract between the defendant and the High-
way Commission provided, among other things, that
the estimate of the state engineer was to be final and
accepted by him as conclusive. The contract between
the plaintiff and the defendant referred to the con-

tract between the Highway Commission and pre-
scribed that the subcontract was made subject to the
contract between the defendant and the Highway
Commission.   The effect of this provision in the con-
tract between the parties to this action was to make
the final estimate of the state engineer conclusive
and final between the parties.   The letters read were
a mere repetition of the final estimate already in evi-
dence with some explanation in them to the effect
that they were all made from the report of the resi-
dent engineer who was the witness under cross-ex-
amination.   These letters were properly identified as
coming from the state engineer's office by the wit-
ness, and they in no way contradicted the facts
already in evidence.   They were not introduced in
evidence and counsel for plaintiff emphasized that
they were being read to the witness for the sole pur-
pose of testing his credibility and refreshing his
memory.   He was asked after each letter was read
to him whether or not in the light of these letters
he adhered to his testimony to the effect that plain-
tiff had excavated no solid rock.

The witness testified that the defendant excavated
the solid rock.   The testimony of the plaintiff was to
the effect that he moved all of the material that was
moved with the exception of some finishing work that
is not material in this appeal.   It appears from
the testimony that the defendant furnished the drill
which was used to blast out the solid rock which was
excavated.   It is provided in the contract between
the parties that the defendant should furnish such
tools as were needed in the work.   There is no dis-
pute in the testimony that the plaintiff furnished the
team and labor required to move the solid rock as
well as the common dirt.   One of the principal pur-

117 Or.—35

poses of cross-examination is to test the credibility and accuracy of the memory of the witness. Such was the avowed purpose of reading the letters on cross-examination. It appeared from the letters so read that all of the information from which the final estimate was made was furnished by the witness under examination. By the terms of the contract between the parties, they were bound by this final estimate. The cross-examination, including the reading of the letters, was germane to the testimony given by the witness on direct examination. The only reason advanced against this manner of cross-examination was that the effect was to permit the testimony of the office engineer to go to the jury. We believe this objection is not tenable.

3. The judge presiding at a trial has a large discretion in controlling the cross-examination of a witness. In view of the testimony given by the witness on his examination in chief, we believe it was permissible for the plaintiff to call to his attention the information coming from the office having immediate charge of making up the final estimate all of the material for which was given by the witness himself. The plaintiff had the right to test, in the presence of the jury, the accuracy of the testimony given by the witness and particularly that part of his testimony which apparently contradicted the final estimate based upon the reports of the witness. Cross-examination is a very valuable right of every litigant: Section 860, Or. L.; 40 Cyc. 2489; *Furbeck* v. *Gevurtz*, 72 Or. 18 (143 Pac. 654, 143 Pac. 922); *McIntosh* v. *McNair*, 63 Or. 65 (126 Pac. 9); *State* v. *McGrath*, 35 Or. 109 (57 Pac. 321); *Farmers' Bank* v. *Saling*, 33 Or. 394, 406 (54 Pac. 190); *Sayres* v. *Allen*, 25 Or. 213 (35 Pac.

254).   The last case cited is a very instructive case describing at length the office and purpose of cross-examination.   The letters were official communications touching the testimony in chief of the witness, and corroborated the witness excepting the amount of solid rock moved by plaintiff.   In that particular the letters agreed with the final estimate in evidence. Reading the letters was equivalent to asking the witness if he had not reported to the highway engineer that the plaintiff excavated the quantity of solid rock shown by the final estimate.   Reading those letters was not prejudicial to the defendant.

The order granting the new trial is annulled and set aside.   In case the judgment entered in the Circuit Court has been canceled, it should be re-entered as of the date rendered on the verdict.   The case is remanded with directions to proceed in harmony with this opinion.      REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and BURNETT, J., concur.

RAND, J., dissents.