Argued at Pendleton October 27; affirmed December 23, 1930;
rehearing denied January 27, 1931

## EGLI *v.* HUTTON ET AL.
### (294 P. 347)

*H. V. Schmalz,* of Burns (S. A. Jetmore, of Lakeview, on the brief) for appellant.

*M. A. Biggs,* of Ontario (Pat H. Donegan and J. S. Cook, both of Burns, and Herbert P. Welch, of Lakeview, on the brief) for respondent.

KELLY, J. In this action plaintiff charges that defendants entered into a conspiracy in pursuance of which defendants started a fire which was intended by defendants to and which did spread to plaintiff's property and that of her assignors damaging and destroying it.

The property burned consisted of grass and other vegetation, used for grazing purposes, and fences and buildings.

There were five assigned claims asserted in the amended complaint. Issue was joined and a trial was had. Seasonably, a motion for a voluntary nonsuit was interposed. This motion was sustained as to defendants America Sutherland and James Sutherland, but was denied as to defendant Hutton.

The jury returned a verdict in favor of plaintiff in the sum of $8,055, and from a judgment based upon that verdict defendant Hutton appeals.

Appellant urges that error was committed in permitting counsel for plaintiff to make certain assertions in his opening statement to the jury; in permitting plaintiff to introduce evidence of alleged declarations based upon the theory that defendant had entered into a conspiracy; in entering judgment against defendant Hutton upon the verdict because of alleged misconduct of the jurors.

The statement of counsel to which exception was taken was to the effect that plaintiff would show

that defendant perpetrated the alleged trespass by starting the fire which damaged plaintiff and her assignors for the purpose of preventing plaintiff from consummating a sale of her property. We think that this was a mere statement that plaintiff would produce evidence of motive and of wrongful and malicious intent, it being alleged that defendant acted maliciously. It was not incumbent upon plaintiff to plead her evidence on this point. Evidence tending to show that defendant's land was inaccessible to water was properly admitted upon the question of motive.

■ The evidence admitted upon the theory, that it would be shown that defendants entered into a conspiracy, was stricken from the record and the jury were instructed to disregard it. In so instructing the jury, the learned trial judge carefully and correctly indicated to the jury the particular testimony so stricken. This cured any error committed by its admission: *State v. Shull,* 131 Or. 224, 231 (282 P. 237); *Thomas v. Smith-Wagoner Co.,* 114 Or. 78 (234 P. 814); *Pacific Livestock Co. v. Isaacs,* 52 Or. 54 (96 P. 460); *Oldenburg v. Oregon Sugar Co.,* 39 Or. 564 (65 P. 869).

■ The assignment of the fourth and fifth causes of action was established, if at all, only by hearsay testimony. Appellant insists that such testimony, which was not objected to, is without probative value. Appellant's position in that regard is sustained by the following authorities: *Clifton Mercantile Co. v. Conley,* (Tex. Civ. App.) 264 S. W. 192; *Pettyjohn & Sons v. Basham,* 126 Va. 72 (100 S. E. 813, 38 A. L. R. 391); *Goehrig v. Stryker,* 174 Fed. 897; *Henry v. Phillips,* 105 Tex. 459 (151 S. W. 533); *Southern Surety Co. v. Nalle & Co.* (Tex. Civ. App.) 242 S. W. 197, 201; *Jarriel v. Savannah Guano Co.,* 34 Ga. App. 72 (128 S. E. 237); *Couger v.*

*Costello,* 10 S. W. (2d) 746; *Atchison T. & S. F. Railway Co. v. Smith,* (Tex. Civ. App.) 190 S. W. 761, 232 S. W. 290; *Updegraff v. Marked Tree Lbr. Co.,* 83 Ark. 154 (103 S. W. 606, at p. 609 on rehearing); *State Bank v. Wooddy,* 10 Ark. 638; *Hutchings v. Castle,* 48 Cal. 152; *Miller & Co. v. McKenzie,* 126 Ga. 746 (59 S. E. 952); *Moultrie Lbr. Co. v. Driver Lbr. Co.,* 122 Ga. 26 (49 S. E. 729); *Lehman v. Frank,* 19 App. Div. 442 (46 N. Y. S. 761); *Hirsch v. Lehigh Valley R. Co.,* 174 N. Y. S. 68; *Childers v. Pickenpaugh,* 219 Mo. 376 (118 S. W. 453).

Respondent's contention that hearsay testimony to which no objection was made nor any motion to strike interposed has probative value. The following authorities from sister jurisdictions sustain respondent's contention: *Damon v. Carroll,* 163 Mass. 404 (40 N. E. 185); *Lippert v. Page,* 32 Ohio Cir. Ct. Rep. 44; *Thompson v. Ackerman,* 12 Ohio Cir. Dec. 456; *Gray v. Fussell,* 48 Tex Civ. App. 261 (106 S. W. 454); *Daniel v. Harvin,* 10 Civ. App. 439 (31 S. W. 421); *Western Union Tel. Co. v. Hirsch,* (Tex. Civ. App.) 84 S. W. 394; *Speed v. Sadberry,* (Tex. Civ. App.) 190 S. W. 781; *Western Land Sec. Co. v. Daniels Jones Co.,* 113 Minn. 319 (129 N. W. 587); *Poluski v. Glen Alden Coal Co.,* 286 Pa. 473 (133 Atl. 819); *Mercantile Trust Co. v. Sunset Road Oil Co.,* 176 Cal. 461 (168 P. 1037).

The question thus presented is pivotal in this case for the reason that the verdict awarded damages in a single sum, and, if either or both of the alleged assignments thus challenged are not supported with some legal testimony, such verdict and the judgment based thereon should be set aside.

This question might be difficult to answer were it not for the fact that this court has announced the law to be in accordance with respondent's view thereupon:

*Mergenthaler L. Co. v. Spokesman Pub. Co.,* 127 Or. 196, 200 (270 P. 519); *Bergholtz v. City of Oregon City,* 116 Or. 18, 23, 24 (240 P. 225); *Derrick v. Portland Eye, etc., Hospital,* 105 Or. 90, 100 (209 P. 344); *Mitchell v. Southern Pacific Co.,* 105 Or. 310, 314 (209 P. 718); *Jones Land & Livestock Co. v. Seawell,* 90 Or. 236, 240 (176 P. 186); *Wasiljeff v. Hawley Paper Co.,* 68 Or. 487, 496 (137 P. 755).

■ A number of affidavits appear in the record charging misconduct on the part of jurors. Based upon this showing, the question of setting aside the verdict and judgment and granting a new trial was submitted to the trial court. As stated by Mr. Justice Brown in the case of *Mount v. Welsh et al.,* 118 Or. 568, 583 (247 P. 815), "It is settled law in this jurisdiction that the granting of a new trial on account of misconduct or disqualification of a juror is within the discretion of the trial court, and that its determination will not be reversed except for manifest abuse." A careful consideration of the affidavits and counter affidavits mentioned fails to disclose any abuse of discretion on the part of the trial court in denying appellant's motion for a new trial.

We find no reversible error in this case, hence the judgment of the lower court is affirmed.

Coshow, C. J., Rand and Bean, JJ., concur.