Argued June 3; affirmed July 7; rehearing denied
September 10, 1936

# BURNETT *v.* WEINSTEIN

(59 P. (2d) 258)

*Arthur I. Moulton,* of Portland, for appellant.

*W. B. Shively* and *Paul R. Harris,* both of Portland (Davis & Harris, of Portland, on the brief), for respondent.

BELT, J. This personal injury action arose out of a collision between two automobiles on the Pacific highway a short distance north of Vancouver, Washington. The accident occurred at about 3:30 o'clock on the afternoon of July 25, 1934. Plaintiff was driving a De Soto car north on the highway when a collision occurred between it and a Ford truck driven by defendant as the latter was crossing the highway to the west side thereof. When the collision occurred, near the center of the pavement 20 feet in width, the car of the plaintiff swerved to the left striking a concrete post which formed a part of the guard rail on the west side of the highway. When the car struck this post the gasoline tank burst and an explosion followed, inflicting terrible injuries upon the plaintiff.

The charges of negligence as against defendant may thus be summarized: (1) Failure to give a proper signal as he was turning to the left to cross the highway in front of plaintiff's car; (2) failure to maintain a proper lookout; (3) failure to keep car under proper control; (4) failure to heed horn sounded by plaintiff; (5) driving at an excessive and dangerous rate of speed.

Defendant charged plaintiff with contributory negligence in the following particulars: (1) Driving at a dangerous rate of speed, viz, in excess of 40 miles an hour; (2) failure to maintain a proper lookout; (3) failure to apply brakes and slacken speed or change his course to avoid striking defendant; (4) failure to give proper signal; (5) failure to keep car under proper control.

On these issues of negligence the cause was submitted to a jury and a verdict returned in favor of plaintiff for $11,782.50. From the judgment entered thereon, the defendant appeals.

Error is assigned on the denial of defendant's motion for a directed verdict based upon the contention that there was no evidence of negligence on the part of the defendant and that the evidence conclusively established that plaintiff was guilty of contributory negligence. On appeal defendant practically abandons the first contention, but earnestly urges the second.

██ Ordinarily contributory negligence is a question of fact for the jury. It is only in exceptional cases that the court is warranted in determining such issue as a matter of law. The plaintiff is entitled to the benefit of reasonable inferences which may be drawn from the facts. With these fundamental principles in mind,

the statement of the facts will be made in the light most favorable to plaintiff.

■ Plaintiff testified that he was driving north on the main highway leading from Vancouver to Seattle, Washington, at a rate of speed not in excess of 30 miles an hour. The highway at the place in question was straight for a considerable distance and was slightly down grade. He says that, on account of another car being in front of him—later turning off the highway prior to his reaching the point of collision with defendant's car—he was compelled to bring his car almost to a stop. Plaintiff says that, at such time, he observed defendants car about 175 to 200 feet distant on the east edge of the highway, apparently slowing and turning to the right in an easterly direction. When plaintiff's car was within 50 to 75 feet of the Ford truck, he observed defendant turning as though to proceed north on the highway. Plaintiff says that he had sounded his horn and pulled out to pass defendant when the latter suddenly swung his truck over in front of him, giving, so far as he could see, no signal of his intention so to do. Plaintiff testified that he immediately applied his brakes but was unable to avoid the impending collision as defendant was proceeding directly across his course. According to plaintiff the impact of the collision threw him out of driving position and caused him to take his foot off the brake whereupon the car swerved to the left and crashed into a post about 50 feet distant from the point of collision. He says the car went from 10 to 15 feet after striking the post.

Farnum, an automobile salesman, driving a new Plymouth car, testified in substance that he followed plaintiff's car out of Vancouver to the place of colli-

sion, about one-fourth mile from the northern boundary of the city and that, in his opinion, plaintiff was traveling between 30 and 35 miles an hour. He was about 175 to 200 feet from plaintiff at the time the collision occurred. Farnum says that a governor had been put on the new Plymouth to prevent its operation in excess of 35 miles an hour.

Nicolette, an employee of the Associated Oil Company, saw the accident and testified that, in his opinion, plaintiff was traveling about 40 miles an hour. He says that plaintiff "swerved sharply to the left" to avoid striking defendant, but the rear of the De Soto collided with the truck.

There is much evidence in the record to the effect that plaintiff was driving at an extremely high rate of speed. The marks on the pavement would so indicate. Furthermore, the distance which the De Soto traveled after striking the concrete post—if the testimony of witnesses on behalf of the defendant is true—would also indicate a high rate of speed.

It was plainly a question of fact for the jury to determine. We are not prepared to say, as a matter of law, that the physical facts conclusively establish contributory negligence on the part of the plaintiff. No error was committed in denying the motion for a directed verdict.

■ Defendant complains because the court failed to give the following requested instruction:

"In determining whether the defendant Weinstein was negligent and whether his negligence, if any, caused and produced the injuries complained of by plaintiff, it is your duty to take into consideration a rule of law that affects the conduct of persons in their relations with others. This rule is that no person is bound or required by law to anticipate and foresee

that other persons will violate the law or act in a careless or negligent manner. All persons have the right to assume in regulating their own conduct that other persons will exercise reasonable care and comport themselves in accordance with the law. Therefore, Weinstein was not bound to anticipate that any vehicle proceeding upon the highway would be driven at a rate of speed in violation of the rule of reasonable care which I shall give you, or in violation of the law of the State of Washington. If he looked to the south before attempting to turn across the highway and was able to see the highway for a sufficient distance to enable him to determine whether any likelihood of collision would be involved in his movement, and upon so looking found the highway for such reasonable distance to be clear of oncoming traffic, he was entitled to proceed as a matter of right and was not bound to anticipate that any vehicle would be approaching at a rate of speed which was unreasonable and excessive under the circumstances, or at a rate of speed in any event in excess of the speed limit imposed by the Washington law.''

We think the above instruction is erroneous in that it eliminates from consideration of the jury the specification of negligence that defendant failed to give any proper signal of his intention to turn across the highway: *Keys v. Griffith* 153 Or. 190 (55 P. (2d) 15). The mere fact that defendant ''looked to the south before attempting to turn across the highway'' and saw no car approaching did not of itself entitle him to proceed ''as a matter of right'', unless he acted as an ordinarily prudent man would have acted under the same circumstances. We assume that an ordinarily prudent person would have given a proper signal before turning; indeed, the law requires him so to do. Defendant testified that he did not see plaintiff's car until it struck him.

The trial court did, in substance, instruct the jury that each driver was entitled to assume, in the absence of notice to the contrary, that the other would not drive in a careless and negligent manner.

■ We see no error in the contention that the court erred in instructing as an abstract proposition of law that "It was incumbent upon the defendant to at all times have his automobile under reasonable control". Keeping a car under proper control implies that it will be driven with a degree of care commensurate with the danger involved. The mere fact that defendant was traveling not in excess of five miles an hour when struck does not necessarily absolve him from the charge of negligence. Under some circumstances it is negligent to move a car at all.

. The instructions have been considered in their entirety and we think they fully and fairly state the issues. Appellant has no cause, in our opinion, to complain of any instructions given or of the failure to give those requested.

■■ Appellant asserts error for failure to grant a new trial on account of the alleged misconduct of the juror Harriet Emmons in discussing the merits of the case with C. A. Johnson in the presence of J. H. Ashenfelter. Ashenfelter made an affidavit that in the course of the conversation he heard Johnson say to the juror (referring to the defendant Weinstein) "He is a Jew, you ought to convict him any way", and that she replied that "Weinstein was insured and the insurance company would have to pay the judgment". The affidavit of C. A. Johnson is to the effect that he had a conversation with the juror in the presence of J. H. Ashenfelter concerning the trial of *Burnett v. Weinstein* then pending and that, among other things, the

juror said to him that "she intended to convict Weinstein, the defendant in the case; that she knew the defendant Weinstein was insured and the insurance company would have to pay the judgment in any event", and that he said to her "You ought to convict him any way because he is a Jew". The juror, Harriet Emmons, in her affidavit denied absolutely the conversation above set forth in the affidavits of Johnson and Ashenfelter. She avers that the only reference she made to the case in her conversation with these men was in response to their question as to what she was doing. She says her reply was that she was acting as a juror in *Burnett v. Weinstein.*

On this issue of fact as to the alleged misconduct of the juror the trial court held in favor of the plaintiff. It is well settled in this jurisdiction that the granting of a new trial on account of the misconduct of a juror is within the discretion of the trial court and that its determination will not be reversed except for an abuse of such discretion: *Egli v. Hutton,* 135 Or. 175 (294 P. 347); *Mount v. Welch,* 118 Or. 568 (247 P. 815). We are not prepared to say in the instant case that the trial court abused its discretion in denying the motion for a new trial.

Neither do we think the court erred in refusing to grant a new trial on account of the alleged misconduct of counsel in injecting liability insurance into the case. We have examined the record in that respect and are convinced, as was the trial court, that the question of liability insurance was not brought to the attention of the jurors by anything that was said or done by counsel for the plaintiff.

■ The injuries which the plaintiff sustained are, indeed, of a very serious nature and the verdict could

not well be considered the result of passion and prejudice. It was a just verdict and in keeping with the damage sustained.

Finding no substantial error in the record, it follows that the judgment of the lower court is affirmed.