McCalla vs. Clark.

CHARLES P. McCALLA, plaintiff in error, vs. HORACE P. CLARK, defendant in error.

1. Tender of the debt on the day it becomes due terminates the creditor's right-to retain possession of a pledge held as collateral security; and it is an immediate conversion for him to refuse the tender, and retain the pledge on a claim of title based upon an alleged forfeiture for delay to make payment.

2. But if the debtor be himself in default by reason of having delayed payment beyond maturity of the debt, a like refusal and claim by the creditor will not amount to a conversion, if, on the same day of the tender, before suit is brought, and before the situation of the parties is materially changed, he retract his refusal, after taking the advice of counsel, and then offer to accept the tender and restore the pledge, provided the tender be enlarged so as to cover charges on the pledge which the creditor has lawfully paid prior to the tender. Especially will there be no conversion, under these circumstances, where the delinquent debtor, in making the tender, omitted to include the lawful charges with which the pledge is incumbered, when he knew there were such charges, or might have known it by the use of ordinary diligence.

3. Assessments rightfully paid by the creditor upon stock pledged to him as collateral security, are charges upon it, in the nature of expenses, and must be refunded by the debtor as a condition precedent to reclaiming the pledge.

4. The debt and charges are pertinent matters by way of recoupment, or in mitigation of damages, on the trial of an action of trover for conversion of a pledge; and a special plea setting them forth ought not to be stricken, even though the plea conclude, improperly, with a prayer for judgment against the plaintiff, and for a sale of the pledge to satisfy said judgment.

Debtor and creditor. Tender. Pledge. Conversion. Pleadings. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

McCalla brought complaint against Clark for a certificate representing one hundred and twenty shares of the stock of the Atlanta Ice Manufacturing Company, alleged to be of the value of $2,000 00. The defendant pleaded the general issue, and especially that said stock was transferred to him as collateral security for the loan of $413 00, besides interest; that he had been compelled to pay assessments thereon to the amount of $180 00 to prevent the forfeiture thereof; that the sums of money thus loaned to the plaintiff, and advanced for

his benefit, have not been refunded; that the plaintiff is insolvent, and the defendant will lose the amounts advanced as aforesaid unless he shall be enabled to subject the said stock to their payment; that, therefore, he prays judgment against the plaintiff for the said several sums of money and interest, and that said certificate of stock be directed to be sold for the purpose of refunding the same to defendant.

The plaintiff moved to strike the special plea of the defendant. The motion was overruled, and he excepted.

The evidence presented the case made by the special plea, with the following additional facts: Long after the maturity of the note given by the plaintiff to the defendant for the loan of money, to secure which the stock was transferred, the plaintiff tendered the amount due on such note, with interest, and demanded his stock. The defendant refused either to receive the money or to deliver the stock, upon the ground that the same had become forfeited to him on account of the failure of the plaintiff to meet his note at maturity. Subsequently, on the same day, after consultation with counsel, the defendant offered to return to plaintiff the stock if the latter would pay to him the amount due on the aforesaid note, with interest, and also $120 00 which he had been compelled to pay in response to assessments made on said stock while in his possession. This the plaintiff failed to do. Had not said assessments been paid by the defendant, the stock would have been forfeited to the company under its rules.

The court charged the jury that the refusal of the defendant to deliver the stock upon the tender being made as above stated, claiming the same to have become his individual property, would constitute a conversion; but that the plaintiff still could not recover if the defendant offered subsequently, before any change in the condition of the parties or in the value of the stock, to return the same on payment of the amount loaned and that paid on account of assessments, with interest.

The court refused to charge to the contrary of the latter proposition.

The jury found for the defendant generally. A motion

was made for a new trial because of error in the refusal' to strike the aforesaid plea, in the charge, and in the refusal to charge. The motion was overruled, and the defendant excepted.

Fry & King; E. N. Broyles, for plaintiff in error.

A. W. Hammond & Son; P. L. Mynatt, for defendant.

Bleckley, Judge.

The head-notes are so copious and explicit that little need be said by way of supplement. The defendant had not disposed of the pledge when suit was brought. Under the circumstances, the demand and refusal relied upon did not establish a conversion. There were lawful charges upon the property which were not tendered. The plaintiff was a delinquent debtor, and, having himself disregarded the element of time, was not in a situation to exact a very scrupulous regard of that element on the part of his creditor. It was but reasonable for the latter to have a few hours to consult counsel on the point of forfeiture, as the day appointed by the debtor for payment had long passed. If the debtor had been prompt he might have had no cause to complain of the want of promptness in the creditor. It is, perhaps, not an uncommon failing to insist upon expedition which we do not practice. The prayer of the special plea may have been improper, but the substance of the plea was good as matter of recoupment, or in mitigation of damages: 15 Mass., 389; 13 Metcalf, 267; 4 Denio, 227; 20 Wend., 267, 273; 14 Ill., 424; Story on Bailments, sections 315, 349.

Judgment affirmed.