## MOULTRIE LUMBER CO. *v.* DRIVER LUMBER CO.

1. Hearsay evidence has no probative value.
2. A sells to B cross-ties subject to inspection and rejection. A report by C to B, which is forwarded to A, showing inspection and rejections, is merely hearsay.
3. The answer not admitting a prima facie case for the plaintiff, and material allegations in the petition not being supported by competent evidence, it was error to direct a verdict in favor of the plaintiff.

Argued December 16, 1904. — Decided January 30, 1905.

Action for breach of contract. Before Judge Covington. City court of Moultrie. March 11, 1904.

The Driver Lumber Company brought suit against the Moultrie Lumber Company, alleging that the defendant had accepted an order from the plaintiff for switch-ties, on condition that the defendant " would guarantee quantity, quality, and count;" that under the terms of the order the ties were to be shipped to Brunswick, and there inspected, and the defendant was " to stand the inspection and bear the loss of such culls and rejections as might be made;" that the ties were shipped, and the plaintiff paid to the defendant the full amount demanded; and that thereafter, when the ties were inspected, a number were rejected, and these rejections rendered the defendant liable to plaintiff in a stated sum. The defendant answered, admitting that ties had been shipped and that the full amount of the bill had been paid, but averred that it was unable, from want of sufficient information, to either admit or deny the allegation in reference to the inspection and rejection. The defendant further pleaded that according to the terms of the order, as well as the general custom of the business in which the parties were engaged, the defendant was entitled to notice of rejections within a reasonable time, and that plaintiff had failed to report the rejections for four months, although often requested to make such report. The court directed a verdict for the plaintiff, and error is assigned upon this ruling.

*W. F. Way* and *Bryan & Watson,* by *Z. D. Harrison,* for plaintiff in error. *Shipp & Kline,* contra.

COBB, J. The answer of the defendant did not admit a prima facie case, and therefore the burden was upon the plaintiff to establish by proof such material allegations of the petition as were

not expressly admitted in the answer. The order and the payment of the full amount claimed by the defendant as due for the shipment of cross-ties were admitted; but the answer did not admit that rejections had been made, or that the amount represented by rejections was the sum alleged in the petition. It was a necessary part of the plaintiff's case to prove that these rejections had been made as alleged. The only evidence offered to establish this was a report made by the Bainbridge Lumber Company to the plaintiff, which had been forwarded to the defendant, showing that rejections had been made as alleged in the petition. As against the defendant, this report was merely hearsay; and it is now settled in this State that hearsay evidence has no probative value. *Equitable Mortgage Co.* v. *Watson,* 119 *Ga.* 280, 283, and cit. The plaintiff having failed to make out a prima facie case by competent evidence, it was error to direct a verdict in its favor.

As the case is to be again tried, it is necessary to allude to the special plea of the defendant. As the order did not on its face provide for reports of inspection, to be made within a reasonable time, the defendant can take nothing under that averment in its plea to the effect that such was the contract. If upon another trial it should appear by competent evidence that there was a custom of the business in which the parties were engaged that in orders of the character here involved rejections should be reported within a reasonable time, and that such custom was so universal in its application that a presumption would arise that both parties contracted in the light of it, then the defendant would be entitled to have the issue as to whether the reports in this case had been made within a reasonable time submitted to the jury. There was some evidence in reference to such a custom, but we will not now determine whether it was sufficient to establish a custom of the character above referred to. But even in the absence of such a custom, the sale would be governed by principles similar to those applicable in cases where goods are delivered "on sale or return," and a failure, for an unreasonable time, to notify the seller that the articles delivered do not comply with the contract would authorize the seller to treat the sale as complete; and certainly this would be the case if, after the lapse of a reasonable time, no notice of rejections was made, and

the seller, treating the sale as complete, had paid out money, or otherwise acted so that rejections then made would work to him harm or prejudice. See Benjamin on Sales (7th ed.), § 597; 1 Mechem on Sales, §§ 675, 676.

<em>Judgment reversed. All the Justices concur.</em>