## ROOD v. WRIGHT.

A married woman may voluntarily, upon her own responsibility and in good faith, borrow money for the purpose of paying a debt of her husband and give her notes therefor, and such a contract will be binding upon her although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome.

Argued January 19,—Decided February 16, 1906.

Complaint. Before Judge Fite. Catoosa superior court. February 9, 1905.

*W. E. Mann,* for plaintiff in error.

*J. A. Longley* and *R. J. & J. McCamy,* contra.

FISH, C. J. Wright sued Mrs. Rood upon certain promissory notes executed by her and payable to his order. She admitted the execution of the notes by her, but pleaded that the purpose for which the notes were given "was to get money with which to pay debts owed by her husband, and that this fact was known to the plaintiff at the time of the creation of the debt;" and "that she received no part of the money for which the notes were given and that none of it was applied to her own use and benefit, but the whole amount was paid on her husband's debt; all of which was known to the plaintiff at the time notes were given and money

54

loaned." By an amendment to her answer she alleged, that the plaintiff was interested in letting her have the money for the payment of the debt of her husband, in that he "married a daughter of one E. W. Beall, who was a surety for defendant's husband on a debt which had to be paid. And "plaintiff was the guardian of the minor children of E. W. Beall, including his wife, and . . was interested in order to protect his wife and other wards, in getting [it] arranged to pay off the debt for which the estate of E. W. Beall was liable, and knew that defendant was not in any way interested in getting money to pay off said debt due by her husband, and said E. W. Beall." And "the money advanced [was] money of the estate of E. W. Beall and going to his children and plaintiff's wife." Upon the trial of the case, the plaintiff moved to strike the plea, as amended, which motion was sustained by the court. The court then directed a verdict for the plaintiff for the full amount sued for. The defendant excepted to each of these rulings.

We think this case is clearly controlled by the principle laid down in *Johnson* v. *Leffler Company*, 122 *Ga.* 670, and previous cases there cited. It was there held, that, "While a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, nor sell her property in extinguishment of his indebtedness, she may nevertheless, upon her own responsibility and voluntarily, enter into a contract for borrowing money and give her note therefor and a mortgage upon her property to secure its payment, and such a contract will be binding on her though the party with whom she contracts may know that she intends to use the borrowed money for her husband's benefit. But a contract based on a mere colorable transaction to which the lender is a party, the purpose of which is to make the wife the husband's surety, will not be enforced against her." It will be observed that there was nothing in the defendant's answer which negatived the idea that she voluntarily, upon her own responsibility and in good faith, borrowed the money from the plaintiff for the purpose of paying her husband's debt, without being influenced to do so by any solicitation or inducement of the lender, and without there being any arrangement or transaction between her and her husband, to which the lender was a party, of which the borrowing of the money by her for this purpose was the outcome. Indeed it was not even alleged in the answer that the

defendant was, in any way, induced by her husband to borrow the money for the purpose of paying his debt. The mere fact that the lender might have been, for the reasons stated in the amended answer, somewhat interested in letting the defendant have the money for the purpose of paying her husband's debt does not alter the case, for the mere existence of this fact is not at all inconsistent with the idea that he was no party to any scheme to induce her to pay this debt. This fact might have been the reason which induced the defendant to apply to the plaintiff for the loan, rather than to make the application to some one else; but it by no means shows that the contract which she entered into with him was not binding upon her. The more amplified statement of this fact, contained in the allegation that the plaintiff, as guardian of his wife and other minor children of Beall, "was interested, in order to protect his wife and other wards, in getting [it] arranged to pay off the debt for which the estate of E. W. Beall was liable," does not show that the plaintiff was a party to any arrangement for this purpose. It might have been to the plaintiff's interest that an arrangement of this kind should be made; and yet if he was no party to any scheme to bring it about, by inducing the defendant to assume the debt of her husband, the mere fact that what she did was to his interest would not affect her liability. One would naturally expect that, in a plea of this character, the statement that the lender was interested in getting it arranged to pay off the husband's debt would be followed by an allegation as to what he did to bring about such an arrangement; but there is no such allegation in this plea. We do not think that the allegation that the money loaned by the plaintiff to the defendant was the money of the estate of E. W. Beall, who was surety on the debt of the defendant's husband, is material. The money was loaned by the plaintiff to the defendant in his individual capacity, and not as the representative of the estate of Beall, with which, so far as the plea shows, he had no official connection; and it matters not from what source he procured the money for this purpose. Who the creditor of the defendant's husband was, to whom she paid the money which she borrowed from the plaintiff, does not appear; but it does appear that such creditor was neither the plaintiff nor the estate of Beall. In this connection the decision rendered in *Chastain* v. *Peak,* 111 *Ga.* 889, is pertinent. It was there held: "If a married woman

voluntarily and upon her own responsibility borrowed money and gave therefor a note and mortgage, she was bound by her contract, although her object in obtaining the loan was to raise money for the purpose of paying a debt due by her husband, and although this fact was known to the lender, if the latter was not the creditor to be thus paid, and had nothing to do with any arrangement or scheme between the husband and wife, looking to the accomplishment of the result intended."

There was no error in striking the defendant's answer; and as this left her without any defense to the suit, there was then no error in directing the verdict in favor of the plaintiff.

*Judgment affirmed. All the Justices concur.*