## GINSBERG *v.* PEOPLES BANK OF SAVANNAH.

A wife may borrow money and give it to her husband, although the lender knows that the husband is to have the use of the same. But if the lender is the husband's creditor and makes the loan to the wife for the purpose of paying the husband's debt to him, the transaction falls within the statutory inhibition against the wife's liability for the debts of her husband. The court's charge on this subject was too limited, and under the facts of the case was prejudicial error.

SEPTEMBER 13, 1916.

Complaint. Before Judge Charlton. Chatham superior court. June 21, 1915.

*Joseph M. Dreyer,* for plaintiff in error.

*William M. Farr* and *John Z. Ryan,* contra.

EVANS, P. J. The Peoples Bank of Savannah brought suit on a note for $600 principal, signed by Benjamin Ginsberg and Mrs. B. Ginsberg. Mrs. Ginsberg filed a plea that the note sued on was a renewal of previous notes made by herself and her husband, and that she signed them for the purpose of securing the plaintiff for a debt due by her husband. On the trial it appeared that Mr. Ginsberg was a merchant and became involved in financial difficulties and desired to make a settlement with his creditors, one of whom was the plaintiff, to whom he was indebted by note in the sum of $875. He and Mrs. Ginsberg applied to the plaintiff for a loan of $1,650, out of which the plaintiff and other creditors of the husband were to be paid. The plaintiff made the loan and took the joint note of Mr. and Mrs. Ginsberg for the amount of it. From time to time payments were made on the indebtedness and renewal notes taken, the last renewal note being the one in suit. Only three witnesses testified; the defendants and the president of the plaintiff bank. The latter testified that the husband, a merchant, was indebted to the bank, and made application for a loan to save him from bankruptcy. The wife came to the bank on several occasions, showed her bank book to the

witness, and said she was interested in the business to the extent of $2000 or $3000, and that if they went into bankruptcy she would lose everything. He allowed them to borrow $1650 on a note which both defendants signed. Witness "gave them to distinctly understand it was not a case of one indorsing for the other, and that we did not do business that way; we told them before promising them to give the money that we understood that they were interested in the business together; so both of them signed the note. I told them that we would not lend the money upon the idea that the wife was standing security for her husband. . . The understanding was that they were partners. Both of them gave me to understand that they were jointly interested in the business as partners." He further testified that prior to the time the $1650 loan was made there was no representation made by the wife that she was a partner, except she referred to the business as "our business." From the $1650 loan the bank's indebtedness of $875 was paid. The defendants denied that the wife was a partner in the husband's business, and denied making any representation to the president of the bank that she was a partner. The wife testified that she lent money to her husband and was a creditor, and that she signed the note for $1650 and the renewal notes as security for her husband. The verdict was for the plaintiff.

The defendants except to this charge: "The law of Georgia is that a married woman can not become surety either for her husband or any one else. Such a paper signed by her, so far as she is concerned, is absolutely null and void. She may give her husband money; she may even borrow money and give it to him, but she can not become his surety, nor, as I say, surety for any one else." Nowhere in his charge did the court modify the broad statement that a wife may borrow money for her husband's benefit. A married woman may voluntarily and in good faith borrow money for the purpose of paying a debt of her husband, if the lender is not the husband's creditor who is to be paid from the loan. If, however, the lender is the husband's creditor and the purpose of the loan is to pay him, the transaction falls within the statutory inhibition against the wife paying her husband's debt. *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604); *Rood* v. *Wright,* 124 *Ga.* 849 (53 S. E. 390); *Gross* v.

*Whitely,* 128 *Ga.* 79 (57 S. E. 94). The omission of the court to place this limitation on the wife's power to borrow money and give to her husband, under the evidence in this case, was prejudicial error to the wife.

*Judgment reversed. By five Justices, all concurring.*