## GARRETT v. THORNTON et al.

HINES, J. Plaintiff filed her petition to enjoin the sale of certain described real estate which she had mortgaged to the defendant to secure a loan of $1000, on the grounds: (1) that this money was to be used in the payment of the debts of her husband, which fact was known to the lender; (2) that her husband procured her to sign the mortgage under duress, he threatening to leave her if she did not sign the same and pay his debts, and her note secured by the mortgage was procured through fraud and duress used on her by her husband; and (3) that she was never served with a copy of the rule nisi to foreclose said mortgage, and had been denied the right to file her defense to the foreclosure. On the hearing of the application for injunction, the plaintiff introduced evidence tending to prove that her husband, in order to induce her to sign the mortgage, hit her with a piece of stove-wood, and threatened to abandon and kill her if she did not sign this instrument. There was no evidence that the lender knew of the duress imposed by the husband upon the wife. There was evidence authorizing a finding that the lender knew that the wife was going to use the money borrowed in the payment of her husband's debts. The wife admitted that she had in writing waived service of the rule nisi to foreclose the mortgage. The plaintiff did not allege and prove any facts which would excuse her for not setting up the first two defenses above mentioned to the foreclosure of the mortgage. *Held:*

1. The plaintiff was concluded by the judgment foreclosing the mortgage from setting up that it was obtained from her by duress and that the money was borrowed to pay the debts of her husband, no sufficient excuse being given for her failure to set up these defenses to the foreclosure of the mortgage. Civil Code (1910), § 4585. A judgment concludes even a married woman. *Glover* v. *Moore,* 60 *Ga.* 189; *Lewis* v. *Gunn,* 63 *Ga.* 542; *Wingfield* v. *Rhea,* 73 *Ga.* 477.

2. Even if the plaintiff was not concluded by the judgment, there was no evidence that the mortgagee had notice of the duress imposed by the husband on the wife to induce her to execute this mortgage; and for this reason a finding in favor of the defendant on this issue was demanded. *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (3) (50 S. E. 488).

3. A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage therefor, and such a contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome. *Chastain* v. *Peak,* 111 *Ga.* 889 (36 S. E. 967); *Rood* v. *Wright,* 124 *Ga.* 849 (53 S. E. 390); *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086).

4. Applying the above principles, the trial judge did not err in refusing to grant a temporary injunction.

Judgment affirmed. All the Justices concur.

No. 4001. FEBRUARY 13, 1924.

Petition for injunction. Before Judge Searcy. Upson superior court. August 31, 1923.

*John R. Cooper* and *W. O. Cooper Jr.,* for plaintiff.

*M. D. Womble* and *Cleveland & Goodrich,* for defendants.