## JACKSON *v.* JACKSON.

ATKINSON, J. A married woman instituted an action to cancel a promissory note and a deed executed by her to an alleged creditor of ·her husband, and to recover the land alleged to be her separate estate, on the ground that the note and deed were assumption and payment of her husband's debt. On the trial it appeared from the uncontradicted evidence that the papers were made directly to the defendant, that the plaintiff received no part of the consideration, that the defendant had become security for the husband and had borrowed money from a third person and paid off the secured debt of his principal, and that the only consideration of the note and deed was the husband's obligation to repay his surety for having paid the debt. *Held:*

1. The defendant testified as a witness in his own behalf. No evidence was introduced tending to impeach his character or credibility as a witness. In these circumstances the judge did not err in rejecting testimony that was offered to sustain the general character of the defendant. *Smith* v. *State,* 147 *Ga.* 689 (2) (95 S. E. 281, 15 A. L. R. 490).

2. If there was any error in refusing to allow an attorney at law to testify on the ground that he was incompetent to give testimony as to facts knowledge of which was obtained through the relation of attorney and client, the error was harmless, because the facts that he would have testified could not have changed the result.

3. The judge did not err in directing the verdict for the plaintiff. Civil Code (1910), § 3007; *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086). *Judgment affirmed. All the Justices concur.*

*Hartsfield & Conger,* for plaintiff in error.

