19349. LANGFORD *v.* BANK OF STATHAM.

Decided March 6, 1929.

*James W. Arnold,* for plaintiff in error.
*Richard B. Russell Jr.,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) ■ The 4th ground of the motion for a new trial alleges that "the court erred in sustaining the objections of the plaintiff's counsel to the following evidence offered by the defendant: W. Grady Griffith testified for defendant: Q. Do you know of your own knowledge that that note was given to take up the mortgage note of her husband? Movant insists that if the witness had been permitted to answer he would have answered as follows: A. Yes, I do." The 5th ground of the motion alleges that "the court erred in withholding the following evidence from the jury: Mrs. C. B. Langford testifying. Q. Did you sign those papers of your own free will and accord? A. No, sir, I did not." The 6th ground alleges that the court erred "in withholding the following evidence from the jury: Mannie Griffith testifying for the defense. Q. Have you ever had any transaction with Mr. Burson? A. Yes, sir. Q. Where were they held? A. In the bank." Neither of these grounds is complete within itself, because it requires reference to the brief of evidence in order to determine what was the alleged error and whether such error was material. Who is W. Grady Griffith, and what connection, if any, did he have with the case? What "note" is referred to in ground 4? What "papers" are referred to in ground 5? Who is Mannie Griffith, referred to in ground 6? No "transaction" with Burson could be considered unless it was shown by the ground itself that the transaction was relevant and an issue in the case. *Cathey* v. *State,* 28 *Ga. App.* 667 (4) (112 S. E. 915); *Watkins Co.* v. *Mims,* 35 *Ga. App.* 171 (3) (132 S. E. 241), and cit. See also *Hunter* v. *State,* 148 *Ga.* 566 (2) (97 S. E. 523).

■ In the brief of the plaintiff in error it is insisted that it was error for the court to direct a verdict, "for the reason that there was plenty of evidence to show the bank a party to the whole transaction," and "because there was direct evidence to show a connection between the bank and Burson, that should have been submitted to the jury." In *Garrett* v. *Thornton,* 157 *Ga.* 487 (121 S. E. 820), it was held: "A married woman may borrow money for the purpose of paying debts of her husband, and give her note and mortgage therefor, and such a contract will be binding upon her, although the lender may know, at the time the loan is made, that she is borrowing it for this purpose, if he is not the husband's

creditor who is to be thus paid, and is no party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for that purpose is the outcome. *Chastain* v. *Peak,* 111 *Ga.* 889 (36 S. E. 967) ; *Rood* v: *Wright,* 124 *Ga.* 849 (53 S. E. 390) ; *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086)." See also *Swint* v. *Milner Banking Co.,* 30 *Ga. App.* 733 (119 S. E. 336) ; *Third National Bank* v. *Poe,* 5 *Ga. App.* 113 (62 S. E. 826). The evidence does not show that the bank was a creditor of the husband who was to be paid with the money borrowed, or that the bank was "a party to any arrangement or scheme between the husband and wife of which the borrowing of the money by her for such purpose is the outcome."

The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*