EQUITABLE LIFE ASSURANCE SOCIETY *v.* COCHRAN *et al.*

PER CURIAM. 1. "By using intermediaries as channels of transmission for papers, relying upon their inspection of property and examination of titles, made at the borrower's instance, and forwarding the money through them also at his instance, the lender does not constitute them his agents to make the loan, and is not chargeable with the consequences of dealings between them and the borrower, whether those dealings be public or private, known or unknown." *Merck* v. *American Freehold &c., Co.,* 79 *Ga.* 213 (2) (7 S. E. 265). See also *Bellerby* v. *Goodwyn,* 112 *Ga.* 306 (37 S. E. 376); *McCall* v. *Herring,* 118 *Ga.* 522 (3) (45 S. E. 442); 39 Cyc. 982.

2. It was said, in *Peabody* v. *Fletcher,* 150 *Ga.* 468 (104 S. E. 448): "Under the facts of this case the party who by the express terms of the written instrument was made the agent of the borrower continued, throughout the transaction, . . to be the agent of the borrower; and there was nothing in the transactions between the lender and this party so appointed agent of the borrower to annul or modify that contract and convert the party referred to as the agent of the borrower into an agent of the lender."

3. Under the principles announced above, the charge of which complaint is made in the eighth ground of the motion for a new trial was error, because under the law it was not authorized by the evidence. The evi-

dence shows that Smith and the Mortgage Security Company were only loan correspondents for the purpose of submitting notes or bonds or deeds for purchase or rejection; and the court, in construing the agreement of August 23, 1913, should have held that under the terms of said contract Smith and the Mortgage Security Company were not agents to make loans for the plaintiff. For the same reason the assignment of error in the ninth ground of the motion for a new trial is sustained, and requires the grant of a new trial.

4. The charge of which complaint is made in the tenth ground of the motion was not appropriate to the evidence in the case, and tended to confuse and mislead the jury, among other reasons, in that the court did not define the word "subterfuge" as used in connection with the words immediately following: "to authorize him to borrow money in connection with the other land he owned." The language used may have conveyed to the jury the thought that the defendant did not have the right to make a gift of her land to her father, or allow him to place an encumbrance upon her land in order to borrow money, if she so desired to do.

5. Since the matter dealt with in the 11th ground of the motion for a new trial is not likely to recur in another trial, no ruling will be made thereon.

6. The court erred in its ruling on the admissibility of the evidence of which complaint is made in the 5th and 6th grounds of the motion for new trial.

7. The judge erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 7282. MARCH 1, 1930.

*E. R. Lambert* and *Miles W. Lewis,* for plaintiff.
*E. H. George,* for defendants.