26935.  STUBBS *v.* PINHOLSTER.

DECIDED DECEMBER 5, 1938.

*R. L. Dawson, B. D. Dubberly,* for plaintiff in error.
*C. L. Cowart, H. M. Hodges,* contra.

MACINTYRE, J. Mrs. Sula Pinholster filed an attachment against Mrs. Annie B. Stubbs based on a promissory note secured by a deed to certain described land. In her answer the defendant denied the indebtedness and set up that at the time of the execution and delivery of the note and the deed she was a married woman, wife of W. H. Stubbs, and that the debt for which she gave the note and the deed to secure was that of her husband, and that she was in fact merely a surety therefor. The defendant testified, in effect, that on December 27, 1927, the plaintiff, her husband's sister, brought some papers to her house to sign; that her husband told her he wanted to borrow some money and wanted her to sign; that before she signed she told the plaintiff not to loan it because he would throw it away and it wouldn't do her and the children any good; that she (the plaintiff) had lent him money before and he had done this; that she had nothing to do with the agreement between her husband and the plaintiff; that the plaintiff had never loaned her a penny and that she derived no benefit from the loan in question; that the plaintiff turned the money over to her husband and not to her; that she was a married woman when she signed and is still married; that her husband purchased an

automobile with the money he got from his sister (the plaintiff) ; and that she (the defendant) never authorized him to borrow money for her from the plaintiff. On cross-examination the defendant stated that she did not think the plaintiff would have loaned her husband the money unless she signed, and that the plaintiff made the loan on the strength of her note and the deed to secure the debt.

The plaintiff testified that the defendant was present during all the dealings with her brother; that she did not recall to whom she gave the money; that the defendant did not object to her letting her husband have the money, and that she would not have loaned the money had the defendant not given the note and deed. On cross-examination she testified that she did not recall that the defendant had anything to do with the transaction except that she was present and signed the note and deed; that she would not say that she gave the money to the defendant; that she placed the money on the table and that the defendant's husband picked it up, but the defendant did not object; that all that was paid on the debt (the loan in question) was by the defendant's husband, and that she did not recall defendant making any payments. Arnold Miller, a witness for the plaintiff, testified that he was present when the loan was made and that the defendant never objected to signing the note and deed; that he did not recall that defendant had anything to say; that most of the talking was between the plaintiff and the defendant's husband; that the money was placed on the table in the room, and that the defendant's husband got the money and that he never saw the defendant with any of the money. At the close of the evidence the judge directed a verdict in favor of the plaintiff for principal and interest. The defendant excepted.

A married woman may, on her own responsibility, voluntarily enter into a contract for borrowing money and give her note therefor, and such contract will be binding on her although the party with whom she contracts may know that she intends to use the borrowed money for her husband's benefit. *White* v. *Stocker,* 85 *Ga.* 200 (11 S. E. 604) ; *Nelms* v. *Keller,* 103 *Ga.* 745 (30 S. E. 572) ; *Chastain* v. *Peak,* 111 *Ga.* 889 (2) (36 S. E. 967) ; *Temples* v. *Equitable Mortgage Co.,* 100 *Ga.* 503 (28 S. E. 232, 62 Am. St. R. 326) ; *Freeman* v. *Coleman, Ray & Co.,* 86 *Ga.* 590 (12 S. E. 1064) ; *Johnson* v. *Leffler,* 122 *Ga.* 670 (50 S. E. 488) ; *Saxon*

v. *National City Bank of Rome,* 169 *Ga.* 784 (151 S. E. 501);
*Rood* v. *Wright,* 124 *Ga.* 849 (53 S. E. 390); *Garrett* v. *Thornton,*
157 *Ga.* 487 (121 S. E. 820); *Ginsberg* v. *Peoples Bank of Savannah,* 145 *Ga.* 815 (89 S. E. 1086); *Deitch* v. *Bearo,* 26 *Ga. App.*
117, (105 S. E. 625); *Third National Bank* v. *Poe,* 5 *Ga. App.* 113
(62 S. E. 826).

It appears that the defendant's husband used the money for the
purpose of purchasing an automobile, and it does not appear that
he had contracted for the purchase of the car and had thereby
become liable for its purchase-price before the time of the loan in
question. It therefore does not appear that the money in question
was used for the purpose of paying any debt of the husband, and
therefore this case does not fall within that class of cases which
announces the principle that if the lender be a party to the scheme
or arrangement whereby the money loaned to the wife is to be used
for the purpose of paying the husband's debts there can be no
recovery.

It can not be said that the evidence of the defendant, taken in
its most favorable light, would have authorized a finding by the
jury that the loan by the plaintiff created a debt on the part of the
husband for which the defendant, in effect, became surety by the
execution of the note sued on. It is not shown that the husband
expressly agreed with the plaintiff to repay the money, and the fact
that the plaintiff required and received the promissory note executed by the defendant before the delivery of the money to the
husband we think, as a matter of law, excludes any implied promise
on the part of the husband to pay therefor. The mere fact that
the lender knew the money was to be used solely for the benefit
of the husband, the mere fact that the defendant was reluctant to
borrow the same, and the mere fact that the husband received the
sole benefit of the consideration, can not alter the case, for nowhere does it appear that the husband became liable, expressly or
impliedly, for the repayment of the loan. The defendant does not
allege, or attempt to prove, that any fraud was committed on her
with the execution of the note. It is true she may have been under the influence of her husband at the time, but we think that her
execution of the note under the circumstances makes her bound
therefor. The plaintiff plainly testified that she would not have
loaned the money except for the execution of the note and deed

by the defendant. This fact was not disputed in the evidence and it must be accepted as the truth of the transaction. Compare *Klink* v. *Boland,* 72 *Ga.* 485; *Hull* v. *Sullivan,* 63 *Ga.* 126; *Saxon* v. *National City Bank of Rome,* supra; *Simmons* v. *International Harvester Co. of Am.,* 22 *Ga. App.* 358 (96 S. E. 9); *Exchange Bank of Valdosta* v. *Newton,* 23 *Ga. App.* 792 (99 S. E. 705); *Langley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232); *Bateman* v. *Cherokee Fert. Co.,* 21 *Ga. App.* 158 (93 S. E. 1021); *Va. Carolina Chem. Cor.* v. *Burton,* 42 *Ga. App.* 711 (157 S. E. 384); *Veal* v. *Hurt,* 63 *Ga.* 728.

Under the above rulings the trial judge did not err in directing the verdict for the plaintiff, and the judgment is therefore

*Affirmed. Broyles, C. J., and Guerry, J., concur.*