JOHNSON *v.* HINSON; *et vice versa.*

640

*T. J. Townsend* and *I. J. Bussell,* for plaintiff.

*John L. Youngblood,* for defendant.

REID, Chief Justice: Mrs. Marie Johnson brought suit seeking to enjoin J. B. Hinson from exercising a power of sale contained in a security deed executed by her in his favor. She alleged two grounds: first, that she executed the deed as security for the debt of her husband, John Johnson, and for that reason the deed was void under the Code, § 53-503; and second, that the note to secure which the deed was given had been paid in full. She sought also to recover alleged overpayments. The defendant answered, denying the material allegations of the petition, and by way of cross-action sought to recover an alleged balance due on the indebtedness. On the evidence submitted at the trial the jury rendered a verdict in favor of the defendant for the amount that was claimed to be due on the indebtedness, thus finding against the plaintiff on both issues. She complains of the overruling of her motion for new trial. By cross-bill of exceptions Hinson assigns error on the overruling of his demurrers to the petition.

It appears from the evidence that in March and June, 1935, John Johnson, husband of the plaintiff, purchased from the defendant a tractor and certain other farm implements to be used by him in cultivating land belonging to Mrs. Johnson, which is the land covered by the security deed. By written agreement the defendant retained title to the property until full payment of the purchase-price. Johnson defaulted in the payment of the notes, and on September 18, 1935, he executed what is denominated a "repossession agreement" whereby he relinquished all right, title, and interest in and to said property, in consideration of a credit for the balance due thereon under the conditional-sale agreement. On the same date Mrs. Johnson executed an instrument reciting her purchase of the same property, and purchase-money notes wherein she

agreed that title to the property should remain in Hinson until full payment of the purchase-price. On October 6, 1936, these notes being past due and unpaid, Hinson demanded possession of the property, and Mrs. Johnson executed a "repossession agreement" of the same kind theretofore executed by her husband. On February 12, 1937, Mrs. Johnson executed an order for the purchase of this same property, and purchase-money notes and retention-title agreement were jointly vacated by Mrs. Johnson and Mr. Johnson. It was on this occasion that Mrs. Johnson executed the security deed involved in the present case. After the delivery of the implements to Johnson under his contract of purchase, they remained on the farm belonging to Mrs. Johnson, and at no time during subsequent transactions with her did the defendant physically repossess them.

■ The court charged the jury, in part, as follows: "Upon the other hand, gentlemen of the jury, if you find that she bought this property, this property was surrendered to the International Harvester Company by Mr. Johnson, and then she afterwards purchased this property from Mr. Hinson or the International Harvester Company, and gave her note therefor, then, gentlemen, and it was an original undertaking by her, then, gentlemen of the jury, she would be liable, and whatever amount you find to be due upon the note you should render a verdict against her for that amount." Exception is taken to this charge, on the ground that the judge should have instructed the jury that before they could render a verdict against Mrs. Johnson they should find that Mrs. Johnson *actually* surrendered the property to the defendant, and that the defendant *actually* delivered the property to Mrs. Johnson, instead of, as was done in the above-quoted charge, merely requiring them to find that Mr. Johnson surrendered the property and that Mrs. Johnson purchased it. To better illustrate the assignment of error we quote therefrom: "Movant contends, in view of the fact that the plaintiff, Mrs. Johnson, in her pleadings contended that the consideration of the notes which she gave Mr. Hinson failed, because the farm machinery alleged to have been sold to her for said notes had never been delivered to her, which contention was amply supported by evidence and with no evidence to the contrary, the failure on the part of the court to charge the jury to find against Mrs. Johnson, without first finding that the consideration had not failed and that the machinery had been delivered to her, was error." In

this connection we quote from the brief of counsel for the plaintiff in error: "If, on the other hand, the transaction as herein set out between Mrs. Johnson and Mr. Hinson is an original transaction and not one of suretyship or the assumption of her husband's debt, then in that event said undertaking on her part was without consideration to support it, because Mr. Johnson never did actually surrender the farm machinery and the tractor back to Mr. Hinson, and Mr. Hinson therefore never delivered or attempted to deliver said machinery to Mrs. Johnson; neither did he ever give her any other thing of value for her note and security deed which secured the same."

"Generally, the delivery of goods is essential to the perfection of a sale. The intention of the parties to a contract may dispense therewith; delivery need not be actual; constructive delivery may be inferred from facts." Code, § 96-107; *Allen* v. *Hollis,* 31 *Ga.* 143; *Perdue* v. *Griffin,* 32 *Ga. App.* 100 (122 S. E. 713); *Nolley* v. *Elliott,* 50 *Ga. App.* 382 (178 S. E. 309). Conceding, for the purpose of considering this assignment, that the transaction between Mrs. Johnson and the defendant was in fact a bona fide original undertaking on her part, it seems clear that it would have been error for the judge to instruct the jury that in order for them to find a verdict against her they should find that the defendant had actually taken possession of the property from Mr. Johnson and then had actually delivered it to Mrs. Johnson. It is manifest that the parties did not so contemplate. When Mr. Johnson executed to the defendant an instrument relinquishing all his right, title, and interest in and to the property, and Mrs. Johnson thereafter purchased the property while it was still in the actual possession of her husband on her farm, where it had been used and where it was manifestly intended to be thereafter used, the sale was complete without any manual retaking of the property from Mr. Johnson and actual delivery to Mrs. Johnson. Mrs. Johnson did not testify that it was agreed or contemplated that the property was to be delivered to her at any other place. It seems clear that she became the equitable owner of the property, and entitled to its possession and control, the actual legal title remaining in the defendant until payment of the purchase-price; and accordingly she was bound by her agreement of purchase, as against the contention that she received no consideration for the reason that the property was not actually delivered to her.

■ It appears that Mr. Johnson delivered to the defendant certain promissory notes executed in his favor by a third person, to secure the notes he had theretofore executed for the purchase-price of said property. When Mrs. Johnson thereafter, in September, 1935, purchased this property from the defendant, these notes were not surrendered to Mr. Johnson, but were by agreement left with the defendant to secure the notes then executed by her. She alleged in her petition that the amount of these notes, principal and interest, should be credited on her note, for the reason that when she executed the note and security deed on February 12, 1937, the defendant agreed to "give her full credit for said notes, principal and interest, on or by March 1, 1937." On the trial Mr. and Mrs. Johnson testified, in substance, that *after the execution of the note* and security deed on February 12, 1937, and *thereafter* on the same day, they saw the defendant and requested him to return to them the collateral notes so that they could collect them, and that defendant agreed that if they would leave the notes with him he would guarantee collection of them by March 1, 1939, and would then enter a credit on the note. On motion of the defendant, the judge ruled out this evidence and refused to submit to the jury the question whether the amount of these notes should be credited on the note executed by Mrs. Johnson. The statement attributed to the defendant by the plaintiff and her husband was at best a mere executory agreement on his part that he would thereafter, and on March 1, accept certain notes theretofore deposited with him merely as collateral security, as partial payment of the plaintiff's note, and would accordingly enter a credit on the note on said date; and it not appearing that the agreement was based on a sufficient consideration, so as to make it valid and binding, the judge did not err in refusing to submit the issue to the jury.

"A consideration is essential to a contract which the law will enforce. An executory contract, without such consideration, is called nudum pactum or a naked promise." Code, § 20-301. "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." § 20-302. The agreement set up by the plaintiff was made after the execution of the note and security deed on February 12, 1937. It appears that Mr. Johnson requested the defendant to return the collateral notes to him, and that, upon the defendant making the promise as

above stated in substance, he agreed to leave the notes in the defendant's possession. The promise of the defendant is apparently made to rest upon the promise and agreement of the plaintiff's husband to leave these notes in the possession of the defendant. It seems apparent, however, since the notes were already in the defendant's hands as collateral security, that the defendant had the legal right to the possession of these notes as against either the plaintiff or her husband. Where notes of a third party are pledged as collateral security, the creditor, in the absence of special contractual provision, is entitled to retain possession of the notes so deposited until the purpose for which they were deposited is at an end, that is, until the payment of the debt secured. Code, §§ 12-101, 12-102; *Hall* v. *Page,* 4 *Ga.* 428, 443 (48 Am. D. 235); *Booth* v. *Atlanta Clearing House Association,* 132 *Ga.* 100 (5) (63 S. E. 907); *McCalla* v. *Clark,* 55 *Ga.* 53. An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another. See *Holliday* v. *Poole,* 77 *Ga.* 159; *Bush* v. *Rawlins,* 89 *Ga.* 117 (14 S. E. 886); *Davis* v. *Morgan,* 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171); 1 Williston on Contracts, §§ 120, 130. It follows that the defendant received no actual legal benefit from the promise thus made by the husband of the plaintiff, and that she suffered no legal detriment. The duty rested on the defendant pledgee to use ordinary diligence to collect the notes deposited with him as collateral security. *Mauck* v. *Atlanta Trust & Banking Co.,* 113 *Ga.* 242 (38 S. E. 845); *Pace* v. *Bank of Thomasville,* 155 *Ga.* 585 (117 S. E. 741); *Colquitt* v. *Stultz,* 65 *Ga.* 305. If he breached this duty, and loss resulted to the plaintiff, she could have set such claim off against the demands of the defendant. In the present case no claim is made against the defendant for failure to exercise due diligence in the collection of the notes.

■ The evidence supported the verdict. *Hull* v. *Sullivan,* 63 *Ga.* 126; *Villa Rica Lumber Co.* v. *Paratain,* 92 *Ga.* 370 (17 S. E. 340); *Freeman* v. *Coleman,* 86 *Ga.* 590 (12 S. E. 1064); *Boland* v. *Klink,* 63 *Ga.* 447; *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (96 S. E. 9); *Bateman* v. *Cherokee Fertilizer Co.,* 21 *Ga. App.* 158 (93 S. E. 1021); *Stubbs* v. *Pinholster,* 58 *Ga. App.* 863 (200 S. E. 511). The judge did not err in overruling the motion for new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*