## 28152. KELLEY v. WATERS.

DECIDED APRIL 25, 1940. REHEARING DENIED JUNE 10, 1940.

*Henderson & Spence, Roscoe Pickett, Watkins Edwards,* for plaintiff in error.

*A. H. Burtz, William Butt,* contra.

SUTTON, J. E. F. Waters brought suit against Mattie W. Kelley as principal, and C. B. Kelley, her husband, as surety, on three promissory notes in the total sum of $5000, plus interest and attorney's fees. C. B. Kelley filed no answer, and judgment by default was rendered against him. Mattie W. Kelley answered, admitting the execution and delivery of the notes, but denying liability thereon, alleging that while she signed the notes apparently as principal she was in fact surety for her husband; that he arranged with the plaintiff to borrow the money for himself for use in his own business; that the plaintiff required her to sign as principal, the husband signing as surety, but she was the wife of C. B. Kelley, and received none of the proceeds of the notes; that the loans were made to her husband, who received the proceeds thereof; that she, being a married woman, could not in law become the surety of her husband; and that the transactions in question, although appearing to evidence loans to her, were mere colorable schemes devised by her husband and the plaintiff to conceal the real transactions of loans to her husband, and constituted attempts on the part of the plaintiff to evade the laws of the State for the protection of married women. The jury returned a verdict for the plaintiff, and the exception is to the overruling of the defendant's motion for new trial.

The evidence on the question of suretyship of the wife was in striking conflict, but the jury was authorized to find as follows: that the husband of the defendant did not owe the plaintiff anything at the time of the transactions here involved; that on each occasion when a loan was made, the husband went to the plaintiff and stated that his wife wanted to borrow some money, and the plaintiff told him that he would let her have it; that the notes were prepared and checks written in the place of business of the plaintiff; that these checks were not delivered to the husband, but the plaintiff, accompanied by the husband, took them to the home of the wife; that she, without any coercion on the part of anybody, signed the notes as maker, and thereupon the check was on each

occasion placed in the hands of the wife, who was able to read and write, and the plaintiff left the house with the checks in the hands of the wife; that after the check was received by her, the husband, on each occasion, told the plaintiff he would indorse the notes if desired, and the plaintiff stated to him that it would be all right if he wanted to indorse them, but that the plaintiff did not exact such indorsement, and the husband voluntarily wrote his name on the back of each note; that after the notes became past due, and the plaintiff approached the wife about the debts she told him that they were honest debts, and that she respected the memory of her father who always paid his obligations, and that she would pay the notes if it took her last nickel; that she never denied liability until suit was brought; that the checks delivered to the wife and bearing indorsement in her name were deposited in the Bank of Ellijay to the credit of the husband, the wife admitting that she indorsed one of the checks, and the husband testifying that he placed her name on the other two as indorsements; that at such time the wife did not have a checking account with the bank, but was indebted to the bank in the sum of approximately $6000; that of the $5000 deposited by the indorsed checks the husband caused $4236.44 to be applied as principal and interest against the amount owed to the bank by the wife.

"'The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void.' Code of 1933, § 53-503. In addition to these restrictions, a wife may not sell her property to her husband without first obtaining an order of court. Beyond these, she is at liberty to contract with the same freedom as a man." *Meeks* v. *Withers*, 181 *Ga.* 787, 792 (184 S. E. 604). "While a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, nor sell her property in extinguishment of his indebtedness, she may nevertheless, upon her own responsibility and voluntarily, enter into a contract for borrowing money and give her note therefor and a mortgage upon her property to secure its payment, and such a contract

will be binding on her though the party with whom she contracts may know she intends to use the borrowed money for her husband's benefit." *Johnson* v. *Leffler*, 122 *Ga.* 670 (50 S. E. 488); *Ginsberg* v. *Peoples Bank*, 145 *Ga.* 815 (89 S. E. 1086); *Jackson* v. *Reeves*, 156 *Ga.* 802 (4) (120 S. E. 541); *Braswell* v. *Federal Land Bank*, 165 *Ga.* 123 (139 S. E. 861); *Garrett* v. *Thornton*, 157 *Ga.* 487 (2) (121 S. E. 820). "Where the creditor, at the time of creating the debt, really intends, in good faith, to extend the credit to the woman and not the man, and the consideration, as the writings are constructed, passes legally and morally to her, and she executes writings adapted to the nature of the transaction, which purport to bind her for the debt as her own, then, whatever may be the private understanding between her and her husband, unknown to the creditor and of which he has no reasonable grounds for suspicion, as to how or by whom the consideration is to be enjoyed, the writings are to be treated as embracing the true substance of the actual contract on both sides. Nor does it matter, in such case, that the creditor's negotiations are all with the husband. The latter is competent to represent the wife as her agent, and this agency, like any other, if not actually created beforehand, may be manifested by ratification. If the wife executes papers which by their nature import a ratification of the previous negotiations, and the acceptance of the terms and stipulations incorporated in the writings themselves, she is no less bound than if she had negotiated in person." *Schofield* v. *Jones*, 85 *Ga.* 816, 819 (11 S. E. 1032). "Where a note is signed by a wife as principal and by another person as surety, the presumption of law is that she gives it as her own contract and for value to charge her separate estate." *Morris* v. *International Agricultural Cor.*, 53 *Ga.* *App.* 517 (5) (186 S. E. 583); *Walker* v. *Perry*, 54 *Ga.* *App.* 537, 541 (188 S. E. 546).

The defendant in the present case admitted that she apparently signed as principal, and she assumed the burden of sustaining her plea of suretyship. Included in that onus was the burden of showing by a preponderance of the evidence that the lender knew that she signed the notes as surety. *Allmond* v. *Mount Vernon Bank*, 53 *Ga.* *App.* 565, 567 (2) (186 S. E. 581). While it is well established that actual suretyship may exist notwithstanding efforts of the lender and the husband to color the transaction by an outward semblance of original liability on the part of the wife, we

think that under that part of the evidence above set forth the jury was authorized to find that the defendant borrowed and accepted from the plaintiff, as her own original undertaking, the sums of money evidenced by the notes sued on, and that there was an entire absence of any colorable scheme on the part of the plaintiff to circumvent the laws of this State for the protection of a married woman. Under the aforementioned principles of law and the evidence, although conflicting, the jury was authorized to return a verdict in favor of the plaintiff.

The special grounds of the motion for new trial assign error on several portions of the charge of the court and on failure to charge. These objections have been carefully considered; but when taken in connection with the entire charge, which fairly and fully presented to the jury all the issues between the parties, they are without merit. The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*