29967.   DRAKE *v.* J. P. ALLEN & COMPANY.

DECIDED MARCH 16, 1943.   REHEARING DENIED MARCH 30, 1943.

*E. Harold Sheats, James D. Childs,* for plaintiff in error.
*Kobak & Levy,* contra.

FELTON, J. J. P. Allen & Company sued Hal L. Drake, to recover on open account for goods purchased by the defendant's wife from November 15, 1938, through March 9, 1940. Defendant denied liability, on the grounds that the goods purchased were not necessaries, and that he did not make the purchases or authorize any one else to do so for him. A judge of the civil court of Fulton County, trying the case without a jury, rendered judgment in favor of the defendant, and denied a new trial. The plaintiff appealed, and the appellate division of the trial court, reversed the judgment denying a new trial. Drake excepted.

The material evidence was substantially as follows: The credit manager of J. P. Allen & Company testified that Mrs. Drake applied for credit on a joint and several account for her and her husband, and that the goods itemized in the account sued on were sold to Mrs. Drake on the credit granted on the application, including a coat and scarf, the sale price of which was $179.90. On the face of the application for credit was written the price of two dresses, and a note that Mrs. Drake wanted account "independent of husband." Both the credit manager and Mrs. Drake testified that the notation that she wanted credit independent of the husband referred to the two dresses, and did not refer to any of the other items on the account. The credit manager testified that he did not put the notation on the application at the time Mrs. Drake signed it, but put it on later as information for his office. The amount of the account sued on was $207.61. Mrs. Drake testified that the credit manager told her that the coat and scarf could not be sold to her on the regular account, but that it could be financed through a bank. She signed a note to the Morris Plan Bank for $206.97, which was indorsed by J. P. Allen & Company. The proceeds from the note, presumably paid by the bank, were credited on the account which was charged to Mrs. Drake. The note included a small additional amount for the purpose of clearing the account, which was the store's custom when matters of this kind were handled as this one was. When this amount was credited to the account, it left a balance due on the account of ninety-five cents. The sum of $17.25

paid on the note by Mrs. Drake which was furnished by her husband. The balance was not paid, and the plaintiff repurchased the note from the bank, and charged the balance due on the note, $189.72, back to the account. All items on the account purchased since the proceeds of the note were credited to the account were paid for in full. Mrs. Drake purchased the coat and scarf at or about the time the note was signed, in the summer, but did not take them from the store until fall, and then exchanged the original coat for another. Mr. Drake testified, that he did not buy the goods, did not authorize any one to do so for him, and that he declined to sign the note; that the note was sent to him by a truck-driver of Allen, and he sent it back three times; and that the last time he pinned to it a note saying that if he saw it again he would drop it in the river. Mrs. Drake testified that she did not ask him to sign the note; and the credit manager testified that Mrs. Drake did not take the note from his office, but signed it there. Mrs. Drake testified that her husband agreed for her to buy the coat and scarf, and told her he would pay for it; which he denied. The appellate division of the civil court stated in its judgment that since the evidence showed that the defendant owed for some of the items sued for, it would not state its views on the question involved.

It seems that several questions are thus before us for decision: (1) Did the evidence authorize a finding that the husband was not liable, on the theory that the parties agreed that the credit was to be extended to the wife "independent" of the husband? (2) Did the evidence authorize a finding that the coat and scarf were sold to the wife for cash, and not on the credit of the husband, and that the husband owed the balance of about $17? (3) Did the evidence authorize a finding that the coat and scarf were sold for cash, and that the wife borrowed money from a third person and paid her husband's account, all but ninety-five cents, the amount for which the husband was liable as a matter of law, the purchase-price of the coat and scarf and the balance due on the account, with the exception of 95 cents, having been derived from the loan made by the Morris Plan Bank?

■ We are of the opinion that a finding for the defendant of $179.90, the price of the coat and fur scarf, was authorized. The finding was authorized that the plaintiff refused to sell Mrs. Drake the fur and coat on the regular account, to wit, as agent for her

husband, whereby the husband would be liable under the law if the goods purchased were necessaries, but sold them under an arrrangement whereby Mrs. Drake borrowed the money from a bank, with the plaintiff's indorsement, and paid cash for them; and this despite the fact that the coat and fur were charged on the account and the proceeds of the loan credited thereon.

■ Such a finding, however, would have left a balance due of about $17, and it was apparently for this reason that the appellate division granted a new trial. But, assuming that the goods were sold on the husband's credit, or on a joint and several extension of credit to the husband and wife, a wife may borrow money from another than her husband's creditor, and pay her husband's debt. *Griffith* v. *Federal Land Bank*, 190 *Ga.* 578 (10 S. E. 2d, 71). Since Mrs. Drake could borrow money to pay her husband's debt, and a finding was authorized that she did so, and that the proceeds of the note were so applied, the defendant in this case would be liable for ninety-five cents, the amount of the husband's account which was not paid by the proceeds of the note.

■ The third headnote requires no discussion.

■ Without deciding whether this court would or would not reverse a judgment because of such a small error, it was within the power of the appellate division of the civil court of Fulton County to do so; and this court will not reverse its judgment.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., concurring specially. I concur in the judgment, and in all except some of the language in division 4.